2005 UT App 463

**Allen R. ERVIN and Blanche Ervin, Plaintiffs,**

v.

**LOWE'S COMPANIES, INC., a North Carolina corporation; SHINFA, a Vietnamese company; and John Does 1–5, Defendants.**

**Lowe's Companies, Inc., a North Carolina corporation, Third-party Plaintiff and Appellant,**

v.

**Collins Co., Ltd., a Taiwanese corporation; Collins International Co., Ltd., a New Jersey Corporation; and John Does I–X, Third-party Defendants and Appellees.**

No. 20050025–CA.

Court of Appeals of Utah.

Nov. 3, 2005.

Clifford C. Ross, Dunn & Dunn, Salt Lake City, for Appellants.

Michael P. Zaccheo and Michael K. Woolley, Richards Brandt Miller & Nelson, Salt Lake City, for Appellees.

Before BILLINGS, P.J., GREENWOOD and McHUGH, JJ.

## OPINION

McHUGH, Judge:

¶1 Third-party Plaintiff Lowe's Companies, Inc. (Lowe's) appeals several orders of the district court in favor of Third-party Defendants Collins Co., Ltd., a Taiwanese corporation (Collins Taiwan), and Collins International Co., Ltd., a New Jersey corporation (Collins New Jersey). Lowe's challenges the district court's (1) grant of summary judgment in favor of Collins New Jersey on the grounds it had no duty to indemnify Lowe's; (2) denial of the motion by Lowe's to amend the order granting summary judgment due to newly discovered evidence; and (3) dismissal of Collins Taiwan for lack of personal jurisdiction. We affirm.

## BACKGROUND

¶2 Allen Ervin purchased a wheelbarrow from the Murray, Utah, Eagle Hardware and Garden (Eagle) store in May 1999. He suffered an injury when the wheelbarrow tire he was inflating exploded. Ervin believed that the tire was defective and filed suit in 2001 against Lowe's and SHINFA, a Vietnamese company that has since been dismissed from this lawsuit. Eagle and Lowe's merged in 2000, and Lowe's was the surviving corporation. Lowe's paid Ervin $375,000 to settle his claim. Ervin was dismissed from the action by stipulation and is not a party to this appeal.

¶3 Lowe's filed a third-party complaint against Collins New Jersey, alleging that Collins New Jersey manufactured, distributed, marketed, or sold the defective wheelbarrow to Eagle and therefore was liable under the tort theories of strict products liability and breach of warranty. Lowe's also asserted that Collins New Jersey had a contractual duty to indemnify Lowe's. The contract claim is based on a 1996 Master Standard Buying Agreement (1996 Agreement) between Lowe's and Collins New Jersey. Eagle was not a party to that agreement.

¶4 The 1996 Agreement provides that Collins New Jersey will indemnify Lowe's for

> any and all claims, lawsuits, appeals, actions, assessments, product recalls, decrees, judgments, orders, investigations, civil penalties or demands of any kind, including court costs, expenses and attorney's fees, which may be made or brought against Lowe's or third parties of said merchandise; any allegation of or actual misrepresentation or breach of warranty, expressed or implied, in fact or by law, with respect to the possession, purchase or use of said merchandise; any alleged bodily injury or property damage related to the possession or use of said merchandise.... [Collins New Jersey] shall pay all judgments against and assume the defense within a reasonable time for any and all liability of Lowe's with respect to any such matters, even if any such allegation of liability is groundless, false, or fraudulent.

The 1996 Agreement provides that the terms and conditions of the indemnity obligation "have been expressly bargained for and are an essential part of the Order." "Order" refers to "every Lowe's Purchase Order" (Order). The contract further states that the term "Lowe's" means "Lowe's Companies, Inc., its subsidiaries and affiliates, including but not limited to Lowe's Companies, Inc., Lowe's Home Centers, Inc., The Contractor Yard, Inc. and all employees, officers, directors and agents of Lowe's Companies, Inc., Lowe's Home Centers, Inc., The Contractor Yard, Inc. and their subsidiaries and affiliates." [1]

1. The 1996 Agreement does not define Collins New Jersey to include any of its subsidiaries or

¶ 5 After discovery, Collins New Jersey filed a motion for summary judgment, arguing that Lowe's could not recover in tort or in contract because it could not come forward with any evidence showing that Collins New Jersey manufactured, distributed, marketed, or sold the faulty wheelbarrow. Collins New Jersey also asserted that it owed no duty to indemnify Lowe's because even if it could be proven that Collins New Jersey was responsible for the wheelbarrow, the 1996 Agreement expressly covered only products sold by Collins New Jersey to Lowe's, not products sold by Collins New Jersey to Eagle. The district court agreed with Collins New Jersey's arguments and granted summary judgment.

¶ 6 Lowe's then filed an amended third-party complaint against Collins Taiwan, the parent company of Collins New Jersey. Similar to the complaint against Collins New Jersey, the amended complaint alleged that Collins Taiwan manufactured, distributed, marketed, or sold the faulty wheelbarrow and that Collins Taiwan was liable to Lowe's under the tort doctrines of strict products liability and breach of warranty. Lowe's also alleged that Collins Taiwan was liable under the indemnification clause in the 1996 Agreement. Collins Taiwan moved to dismiss the case for lack of personal jurisdiction. The company argued that it had no contacts with the State of Utah, it was not a manufacturing company, it did not manufacture or distribute the faulty wheelbarrow or any of its composite parts,[2] it did not conduct any sales in Utah, and it had entered into no contracts in Utah. The district court agreed and dismissed the complaint against Collins Taiwan for lack of personal jurisdiction.

¶ 7 Three weeks after filing the amended third-party complaint against Collins Taiwan, Lowe's sought to have the summary judgment order in favor of Collins New Jersey amended under Utah Rule of Civil Procedure 60(b)(2) based on newly discovered evidence and the need for further discovery. To support its motion, Lowe's filed an affidavit suggesting that the merger between Eagle and Lowe's was complete in 1999 rather than in 2000. The district court denied the motion, ruling that the new evidence did not alter the previous summary judgment disposition and that the motion was untimely. Lowe's appealed the three rulings of the district court.

ISSUES AND STANDARDS OF REVIEW

 ¶ 8 We review for correctness the district court's grant of summary judgment in favor of Collins New Jersey. *See Russ v. Woodside Homes, Inc.*, 905 P.2d 901, 904 (Utah Ct.App.1995). Summary judgment is appropriate "only when the moving party has shown that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Utah R. Civ. P. 56(c)). "Because entitlement to summary judgment is a question of law, we accord no deference to the trial court's resolution of the legal issues presented" and "determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 266 (Utah 1995) (quotations and citations omitted). A denial of a motion under Utah Rule of Civil Procedure 60(b) to relieve a party from a final order "is addressed to the sound discretion of the trial court and will not be upset on appeal unless there is an abuse of discretion." *Hall v. Fitzgerald*, 671 P.2d 224, 228–29 (Utah 1983). Finally, where, as here, "a pretrial jurisdictional decision has been made on documentary evidence only, an appeal from that decision presents only legal questions that are reviewed for correctness."

affiliates.

2. The record in this case does not establish what company or companies actually manufactured and distributed the wheelbarrow and provided it to Eagle. In its minute entry granting summary judgment in favor of Collins New Jersey, the district court found that "[o]ne of [Collins New Jersey's] subsidiaries sold [the] wheelbarrow to Eagle ... in May[ ] 1999." However, Lowe's was unable to produce any evidence showing that either Collins New Jersey or Collins Taiwan was the manufacturing or distributing party. At best, the evidence before the trial court establishes that Collins Taiwan referred Eagle to a manufacturer in Taiwan that later manufactured the wheelbarrow.

*Arguello v. Industrial Woodworking Mach. Co.,* 838 P.2d 1120, 1121 (Utah 1992).

## ANALYSIS

### I. Summary Judgment

¶ 9 The district court granted summary judgment in favor of Collins New Jersey after finding that Collins New Jersey owed no duty to Lowe's in either contract or tort. On appeal, Lowe's argues only that the 1996 Agreement requires Collins New Jersey to indemnify it for the $375,000 settlement it was required to pay after merging with Eagle.[3] Thus, the issue before this court is whether Collins New Jersey's 1996 Agreement to indemnify Lowe's for injuries caused by merchandise delivered pursuant to purchase orders from Lowe's also requires Collins New Jersey to indemnify Lowe's for injuries caused by merchandise sold to Eagle.

 ¶ 10 Indemnity provisions have historically been strictly construed by Utah courts. *See Russ v. Woodside Homes, Inc.,* 905 P.2d 901, 905 (Utah Ct.App.1995). More recently, this rule of strict construction has been relaxed by this court and the Utah Supreme Court in favor of a more lenient "clear and unequivocal" test. *Id.* We have stated that

> parties may contract to shift potential liability from one party to another. Such indemnity provisions are designed to allocate fairly the risk of loss or injury resulting from a particular venture between the parties. Utah courts have held that indemnity agreements, like releases, are valid only if the contract language clearly and unequivocally expresses the parties' intent to indemnify one another.

*Id.* at 904. "In construing such agreements, we have looked at the objectives of the parties and the surrounding facts and circumstances in interpreting the contractual language." *Bishop v. GenTec Inc.,* 2002 UT 36, ¶ 19, 48 P.3d 218 (quotations and citation

omitted). Examining the surrounding facts and circumstances of a contract allows the court to "place itself in the same situation in which the parties found themselves at the time of contracting." *Ward v. Intermountain Farmers Ass'n,* 907 P.2d 264, 268 (Utah 1995) (quotations and citations omitted); *see also Gillmor v. Macey,* 2005 UT App 351,-¶ 35, 533 Utah Adv. Rep. 13, 121 P.3d 57; *Novell, Inc. v. Canopy Group, Inc.,* 2004 UT App 162, ¶ 21, 92 P.3d 768.

 ¶ 11 Applying these principles here, we hold that while Collins New Jersey did agree to indemnify Lowe's for products supplied to Lowe's, it did not clearly and unequivocally agree to indemnify Lowe's for products supplied to Eagle years before the merger with Lowe's. Lowe's has not produced any evidence that Collins New Jersey had a similar agreement that would have required it to indemnify Eagle for products supplied to Eagle. Further, Lowe's has not shown that the 1996 Agreement applied to products supplied by Collins New Jersey to Eagle. The 1996 Agreement expressly limits Collins New Jersey's indemnification obligation to injuries caused by products purchased by Lowe's from Collins New Jersey. Although the definition of "Lowe's" includes its subsidiaries at the time the 1996 Agreement was executed, Lowe's and Eagle were then separate legal entities. Examining the circumstances at the time of contracting, neither Lowe's nor Collins New Jersey could have reasonably believed the 1996 Agreement would cover the liabilities of companies that Lowe's might acquire in the future.

¶ 12 The indemnification provision of the 1996 Agreement does not expressly include subsidiaries later acquired. Further, there is nothing in the 1996 Agreement that suggests the parties intended to include future acquisitions as part of the Lowe's companies benefitted by the indemnification. Lowe's argues that the obligation of Collins New Jersey to obtain products liability insurance and the right of Lowe's to assign Orders are supportive of its position that the in-

---

**3.** Where one company sells all of its assets to another company, the surviving entity is liable for the seller's debts and liabilities if "the transaction amounts to a consolidation or merger of the seller and purchaser." *Macris & Assocs. v.*

*Neways, Inc.,* 2002 UT App 406, ¶ 20, 60 P.3d 1176 (quotations and citation omitted). Neither party disputes that the transaction between Eagle and Lowe's was a merger, which made Lowe's, as the surviving entity, liable to Ervin.

demnification provision applies to Lowe's after-acquired affiliates. We disagree. The obligation to purchase products liability insurance is expressly limited to the contract liability of Collins New Jersey created by the indemnification provision. Thus, the issue of whether the indemnification obligation runs to after-acquired affiliates or subsidiaries must be determined by examination of the indemnity provision itself. The breadth of that indemnification then governs the nature of the insurance obligation imposed on Collins New Jersey.

¶ 13 The 1996 Agreement does expressly permit Lowe's to assign Orders to "a present or future subsidiary or affiliate." Presumably, this provision would allow Lowe's to dictate the delivery of merchandise to a subsidiary or affiliate different than the one placing the Order. Rather than supporting Lowe's argument that the indemnity provision should be read to be equally expansive, the use of the phrase "or future subsidiary or affiliate" suggests that the parties to the 1996 Agreement knew what language to use when future affiliates were intended to be included. No such similar language is included in the indemnity provision.[4] Under these circumstances, the trial court was correct in concluding that the indemnification provision did not clearly and unequivocally include products sold to Eagle.

¶ 14 The indemnification argument also fails for a more fundamental reason. The district court found that Lowe's never produced any evidence demonstrating that Collins New Jersey manufactured, distributed, marketed, or sold the wheelbarrow to Eagle. So, even if we were to read the indemnification provision as covering Eagle's liabilities, the indemnification claim fails as a matter of law. In response to Collins New Jersey's motion, Lowe's was unable to set forth any facts that could support a finding that Collins New Jersey manufactured, distributed, marketed, or sold the wheelbarrow that injured Ervin. Rather, the uncontested evidence offered by Collins New Jersey was that it did not manufacture, distribute, market, or sell

the defective wheelbarrow. *See supra* note 2. The district court was correct in granting summary judgment.

## II. Newly Discovered Evidence

¶ 15 Lowe's next argues that the district court abused its discretion by denying its motion for relief from the summary judgment order under rules 52(b) and 60(b)(2) of the Utah Rules of Civil Procedure. Lowe's argued that it had newly discovered evidence consisting of an affidavit showing that the merger between Lowe's and Eagle was complete in April 1999 rather than in May 2000.

¶ 16 Rule 60(b) provides:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [r]ule 59(b)....

Utah R. Civ. P. 60(b)(2). The district court ruled that the newly discovered evidence was irrelevant and did not alter its summary judgment ruling. We agree. An affidavit showing that the merger was complete before the injury does not help resolve the issue of whether Collins New Jersey actually manufactured, distributed, marketed, or sold the wheelbarrow. Nor does the affidavit change the fact that the 1996 Agreement was executed at least three years before the merger, even assuming the April 1999 date is correct. Thus, even accepting the new evidence proffered by Lowe's as accurate, Eagle was not a subsidiary or affiliate of Lowe's in 1996 when the 1996 Agreement was signed. There is nothing in the 1996 Agreement to suggest that the indemnity clause was intended to cover injuries arising from products supplied to Eagle, a separate legal entity. *See Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 268 (Utah 1995) (providing that courts interpreting contracts are to place themselves in the position of the parties at the time of contracting). The trial

---

4. Moreover, Lowe's indicated at oral argument that the subject wheelbarrow was ordered by Eagle in April 1997 and delivered to Eagle the following month. By the time of the merger, even if it occurred in April 1999, that order had been filled and there was nothing left to assign.

court did not abuse its discretion in denying Lowe's rule 52(b) and 60(b)(2) motions.[5]

## III. Personal Jurisdiction

¶ 17 Finally, Lowe's argues that the court improperly dismissed Collins Taiwan, the parent company of Collins New Jersey, for lack of personal jurisdiction. Lowe's concedes that the district court did not have general personal jurisdiction[6] and argues only that the court should have exercised specific personal jurisdiction over Collins Taiwan.

¶ 18 The test for determining whether a nonresident defendant is subject to personal jurisdiction asks (1) whether Utah law confers personal jurisdiction over the defendant and (2) whether exercising jurisdiction over the nonresident defendant comports with federal due process. *See In re W.A.,* 2002 UT 127, ¶ 14, 63 P.3d 607. Utah's long-arm statute describes the acts that submit a nonresident to jurisdiction, including: "(1) the transaction of any business within this state; (2) contracting to supply services or goods in this state; [and] (3) the causing of any injury within this state whether tortious or by breach of warranty." Utah Code Ann. § 78-27-24(1)–(3) (2002).

¶ 19 Because Lowe's was unable to come forward with any evidence that Collins Taiwan manufactured or distributed the defective wheelbarrow, these provisions do not apply here. Lowe's has not offered any evidence in opposition to Collins Taiwan's motion to dismiss that shows Collins Taiwan transacted any business in Utah or contracted to provide products specifically in Utah. Nor has Lowe's shown that the actions of Collins Taiwan caused Ervin's injury. The only evidence provided in connection with the motions before the trial court was that Collins Taiwan did not manufacture, distribute, market, or sell the wheelbarrow, but may

have referred Eagle to a Taiwanese company that manufactures wheelbarrows. Thus, there is no basis under the Utah long-arm statute for asserting specific personal jurisdiction over Collins Taiwan. Because both prongs of the test must be satisfied, the trial court was correct in dismissing Collins Taiwan for lack of personal jurisdiction.

¶ 20 Even if we were to assume that the first part of the test for personal jurisdiction was satisfied, Lowe's cannot meet the test's due process prong. "Due process requires that before a court can exercise specific personal jurisdiction over a nonresident defendant, the defendant must have had minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Parry v. Ernst Home Ctr. Corp.,* 779 P.2d 659, 662 (Utah 1989) (quotations and citations omitted). In performing the minimum contacts analysis, we look at whether the defendant corporation "purposely availed itself of the privilege of conducting activities within the forum state" and whether there was a "balancing of the convenience of the parties and the interests of the State in assuming jurisdiction." *Id.* at 662 (quotations and citations omitted). In the context of international defendants, " '[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 114, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

¶ 21 Lowe's alleges that jurisdiction is proper here because products sold by Collins Taiwan to Eagle were distributed throughout the United States, including in Utah; that Collins Taiwan had a contract with a Lowe's subsidiary to provide goods for sale in the

---

5. Because we agree with the district court that the new evidence is irrelevant, we do not reach Collins New Jersey's arguments that the motion was untimely and that the affidavit could have been discovered earlier by due diligence.

6. General personal jurisdiction allows a court to exercise jurisdiction over a defendant regardless of the subject of the claim asserted. *See Budden-*

*sick v. Stateline Hotel, Inc.,* 972 P.2d 928, 930 (Utah Ct.App.1998). "For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state," *id.,* including, for example, having a license to do business in the state, owning property in the state, and maintaining offices and accounts in the state. *See id.*

United States; and that Collins Taiwan engages in worldwide commercial activity through a Web site.

¶ 22 These activities fall far short of satisfying the "minimum contacts" standard required for specific personal jurisdiction. In *Parry*, the Utah Supreme Court upheld the dismissal of a Japanese entity for lack of personal jurisdiction under facts similar to those present here. *See id.* at 661–68. The plaintiff was injured by a log-splitting maul that was traced to a Japanese company that knew the maul would be sold in the western United States. *See id.* at 660. The Utah Supreme Court held that the defendant did not have minimum contacts with Utah because, among other things, it never visited Utah, never sent sales representatives to Utah, and never advertised in Utah. *See id.* at 666. The court held that the defendant corporation's " 'knowledge of the mere possibility that its product might be taken into a region of the country in which Utah is located is not sufficient ... to make a difference in this regard.' " *Id.* at 667 (quoting *Fidelity & Cas. Co. of N.Y. v. Philadelphia Resins Corp.,* 766 F.2d 440, 447 (10th Cir.1985)).

¶ 23 Here, Lowe's has failed to connect Collins Taiwan directly to the offending product. Nor has Lowe's shown that Collins Taiwan ever visited the State of Utah, ever sent sales representatives to Utah, or ever advertised in Utah. Indeed, Lowe's produced no evidence that Collins Taiwan's products were aimed at the region of the country that encompasses Utah. At best, Lowe's has demonstrated that Collins Taiwan knew that its products would reach the United States. These facts cannot satisfy the minimum contacts required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We hold that the district court properly declined to exercise specific personal jurisdiction over Collins Taiwan.

## CONCLUSION

¶ 24 The district court correctly granted summary judgment in favor of Collins New Jersey because Collins New Jersey had no contractual duty to indemnify Lowe's for products sold to Eagle. The court also prop-

erly denied the motion for relief from the summary judgment order because the newly discovered evidence was irrelevant. Finally, the court's dismissal of Collins Taiwan for lack of personal jurisdiction was correct. We affirm.

¶ 25 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and PAMELA T. GREENWOOD, Judge.