2008 UT App 210

**Marlene YIRAK, Plaintiff and Appellant,**

v.

**DAN'S SUPER MARKETS, INC.; Dole Food Company, Inc.; and Dole Fresh Vegetables, Defendants and Appellee.**

No. 20070443–CA.

Court of Appeals of Utah.

May 30, 2008.

D. Joseph Cartwright, Salt Lake City, for Appellant.

Julianne P. Blanch, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

McHUGH, Judge:

¶ 1 Appellant Marlene Yirak appeals the trial court's grant of summary judgment in favor of Appellee Dan's Super Markets, Inc. (Dan's). We affirm.

¶ 2 Yirak argues that the trial court erred in granting summary judgment in favor of Dan's on the ground that Dan's falls under the passive retailer exception to strict liability under the Utah Product Liability Act (Product Liability Act),[1] Utah Code Ann. §§ 78–15–1 to –7 (2002). Yirak argues that Dan's is not a passive retailer because the glass that caused her injury and that was allegedly contained in the prepackaged salad she purchased from Dan's "could have entered into the bag while in" Dan's control. In opposition, Dan's asserts that summary judgment was properly granted because Yirak has produced no admissible evidence that the glass infiltrated the bag while in Dan's possession. Dan's specifically contends that Yirak (1) admitted she had no evidence to support a finding that the glass first entered the salad after it was packaged by Dole Food Company, Inc. and Dole Fresh Vegetables,

Inc. (collectively Dole) and delivered to Dan's, and (2) did not provide any legal justification for why the passive retailer exception does not apply.[2]

¶ 3 We review a trial court's "legal conclusions and ultimate grant or denial of summary judgment for correctness ... and view[ ] the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson,* 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted). " '[W]e accord no deference to the trial court's resolution of the legal issues presented' and 'determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact.' " *Ervin v. Lowe's Cos.,* 2005 UT App 463, ¶ 8, 128 P.3d 11 (quoting *Ward v. Intermountain Farmers Ass'n,* 907 P.2d 264, 266 (Utah 1995)). "The determination of whether a passive seller of a product can be held strictly liable under the [Utah Liability Reform Act (Liability Reform Act) ] is based on the trial court's interpretation of a statute, which we review for correctness without deference to the trial court's conclusions." *Sanns v. Butterfield Ford,* 2004 UT App 203, ¶ 5, 94 P.3d 301.

¶ 4 Utah's Product Liability Act sets forth the boundaries for imposing liability on a "manufacturer or other initial seller" who sells a defective product whose use results in "personal injury, death, or property damage," Utah Code Ann. § 78–15–6. *See Brown v. Sears, Roebuck & Co.,* 328 F.3d 1274, 1278–79 (10th Cir.2003) (stating that the Product Liability Act "sets limits on" the common-law cause of action of products liability, but does not "set[ ] forth the elements of a products liability cause of action"). Because the Utah Legislature eliminated joint and several liability in 1986 through the Liability Reform Act, *see* Utah Code Ann. § 78–27–40(1) (2002), recovery of damages under the Product Liability Act is proportionate to

---

**1.** In addition, Yirak argued to the trial court that summary judgment was not warranted because Dan's was also negligent by breaching a duty to provide safe food to Yirak. However, Yirak does not appeal this issue, and we therefore do not address it.

**2.** Dan's also argues that Yirak's claim is barred by the two-year statute of limitations under the Product Liability Act. *See* Utah Code Ann. § 78–15–3 (2002). Because we affirm the trial court's grant of summary judgment in favor of Dan's on other grounds, we do not address this argument.

the percentage of fault attributable to each defendant. *See Sanns,* 2004 UT App 203, ¶¶ 13, 17–19, 94 P.3d 301.

¶ 5 In *Sanns v. Butterfield Ford,* 2004 UT App 203, 94 P.3d 301, this court concluded that the plain language of the preexisting Liability Reform Act and its legislative history support the recognition of an exception under the related Product Liability Act for passive retailers. *See id.* ¶¶ 11–20. The *Sanns* court defined a passive retailer as a seller who does not "participate in the design, manufacture, engineering, testing, or assembly" of a product. *Id.* ¶ 21. This exception is based on the rationale that the traditional tort law principle—that the seller of a product is liable—"conflicts with the clear language and intent of the [Liability Reform Act], which states that '[n]o defendant is liable to any person seeking recovery for any amount in excess of the proportion of fault attributed to that defendant under Section 78–27–39.'" *Id.* ¶ 15 (second alteration in original) (quoting Utah Code Ann. § 78–27–38(3) (2002)); *see also id.* ("[U]nder general tort law principles, as between an injured buyer of a product, and the seller of the product, the seller must bear the liability." (citing *Schaerrer v. Stewart's Plaza Pharmacy,* 2003 UT 43, ¶ 16, 79 P.3d 922; Restatement (Second) of Torts § 402A (1965))). Thus, a passive retailer is not subject to a strict liability claim under the Product Liability Act where the manufacturer is a named party to the action.[3] *Id.* ¶¶ 15, 21. When one party is "merely a passive retailer .... [, t]he strict liability 'fault' ..., if any, lies with the manufacturer, not with ... the passive retailer."[4] *Id.* ¶ 21.

¶ 6 To succeed on a motion for summary judgment, Dan's must show "both that there is no material issue of fact *and* that [it] is entitled to judgment as a matter of law." *Orvis,* 2008 UT 2, ¶ 10, 177 P.3d 600. Specifically, Dan's "must present evidence sufficient to establish that [the passive retailer exception] is appropriate under the facts of the case, and that no material issues of fact remain." *Id.* The burden then shifts to Yirak "to identify contested material facts, or legal flaws in the application of [the passive retailer exception]." *Id.* We agree with the trial court that Dan's met its burden under the summary judgment standard, *see id.,* and that Yirak did not.

¶ 7 Dan's presented evidence that it is a passive retailer by submitting an affidavit from its store director stating that it does not "manufacture[ ], design[ ], repackage[ ], label[ ], or inspect[ ] the packaged salads supplied by Dole." *See Sanns,* 2004 UT App 203, ¶ 21, 94 P.3d 301 (defining a passive retailer as a seller who does not "participate in the design, manufacture, engineering, testing, or assembly" of a product). Had Yirak provided contradictory evidence that Dan's performed any of those activities in connection with the prepackaged salad, there would be a genuine issue of material fact regarding application of the passive retailer exception. The only facts alleged by Yirak, however, are that glass entered the salad at some unidentified time and that Dan's did not inspect the salad before selling it. Indeed, Yirak agreed that the facts in Dan's motion, including those supported by the store director's affidavit, were undisputed. Furthermore, after more than a year of discovery, Yirak could provide no evidence that Dan's opened the prepackaged salad while it was in its possession, that the bag was open or had any holes in it when it was sold to her, that Dan's knew there was glass in the salad, or that any

**3.** In this case, the manufacturer, Dole, was named as a defendant. The trial court first granted summary judgment in favor of Dan's from the bench and then dismissed Yirak's claims against Dole in subsequent orders; the court granted summary judgment to Dole on Yirak's negligence claim because she brought forth "absolutely no evidence" of negligence, and her strict liability claim was barred by the statute of limitations. Yirak does not appeal the trial court's dismissal of her claims against Dole.

**4.** Other jurisdictions have adopted this approach by statute. *See, e.g.,* Del.Code Ann. tit. 18, § 7001 (1999) (providing a sealed container defense if seller sold product in an "unaltered form," had no knowledge of or could not have discovered the defect with reasonable care, and did not manufacture, design, alter, assemble, or mishandle the product); Md.Code Ann., Cts. & Jud. Proc. § 5–405 (West 2002) (same); N.C. Gen.Stat. § 99B–2(a) (2007) (providing sealed container defense or a defense for selling a product "under circumstances in which the seller was afforded no reasonable opportunity to inspect").

other customer found glass in salad purchased from Dan's before or since her purchase. On the contrary, Yirak conceded that the bag was unopened and without holes when she purchased it. Consequently, Yirak failed to present any evidence that Dan's took any action, other than as a passive retailer. As a result, summary judgment was appropriate. *See id.* ¶9 ("[W]hen a party fails to produce evidence sufficient to meet one of the elements of a claim, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (internal quotation marks omitted)).

¶8 Because Dan's carried its burden to show that the passive retailer exception is appropriate under the facts of this case, *see Orvis*, 2008 UT 2, ¶10, 177 P.3d 600; *Sanns*, 2004 UT App 203, ¶21, 94 P.3d 301, and because Yirak failed to identify any contested material facts or legal flaws to the application of that exception, *see Orvis*, 2008 UT 2, ¶10, 177 P.3d 600; *Sanns*, 2004 UT App 203, ¶9, 94 P.3d 301, Dan's was entitled to judgment as a matter of law.

¶9 Affirmed.

¶10 WE CONCUR: JAMES Z. DAVIS and GREGORY K. ORME, Judges.