This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **No. 31,587**

**PAUL MEEKS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Meeks appeals an order denying his motion to suppress. In this Court's notice of proposed summary disposition, we proposed to affirm. Meeks has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Meeks's arguments, we affirm.

In our notice of proposed summary disposition, we proposed to hold that Meeks was not entitled to *Miranda* warnings because the totality of the circumstances indicated that there was no restraint on Meeks's freedom of movement of the degree associated with a formal arrest. *See State v. Olivas*, 2011-NMCA-030, ¶ 10, 149 N.M. 498, 252 P.3d 722, *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520. We relied on New Mexico precedent indicating that the fact that Meeks voluntarily drove himself to the police station for the interview, where he was informed that he was not under arrest and was free to leave, are significant in determining that he was not in custody for purposes of *Miranda*. *See State v. Nieto*, 2000-NMSC-031, ¶ 21, 129 N.M. 688, 12 P.3d 442 (holding that a suspect was not in custody when he was "asked and agreed to accompany police officers to the station, was free to leave or terminate the interview, and was provided transportation to and from the station," even though the interrogation room was small and an officer sat between the suspect and the door); *State v. Munoz*, 1998-NMSC-048, ¶ 43, 126 N.M. 535, 972 P.2d 847 (holding that a defendant was not in custody when he willingly went with police to be

questioned, was not handcuffed or searched, was not interviewed in a locked space, and was taken back home when the interview was completed).

Relying on the same facts considered by this Court in reaching its proposed conclusion, Meeks's memorandum asserts that the totality of the circumstances indicated that he was subject to the equivalent of a custodial arrest. He focuses on a few significant facts, which we address briefly. Meeks asserts that he was in custody because he was escorted through two locked doors at the police station. [MIO 9] However, he recognizes that there was no evidence that, once inside, Meeks would not have been able to exit these doors without police assistance. [MIO 9] We view this factual ambiguity in the light most favorable to the district court's decision and conclude that this evidence is not in conflict with the district court's apparent conclusion that Meeks was not locked inside the police station and thus does not counsel reversal. *See State v. Bravo,* 2006-NMCA-019, ¶ 5, 139 N.M. 93, 128 P.3d 1070 (stating that on appeal this Court will "indulge in all reasonable inferences in support of the district court's ruling and disregard all evidence and inferences to the contrary"). Meeks also points to his testimony that he believed he was locked inside the room where he was questioned, but as we explained in our notice, he did not provide any independent or external factual basis for this "belief" and the district court was not required to either credit Meeks's testimony or to conclude that the belief was

3

accurate. *See State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137, 257 P.3d 957 (stating that it is for the district court to resolve issues of credibility and the weight of the evidence on a motion to suppress).

Meeks also asserts that he was in custody because the interview was "lengthy." [MIO 12] We note that even if the record supports Meeks's assertion that the interview may have been as long as two hours [MIO 12], this Court has previously held that a two-hour interrogation did not constitute a custodial interrogation when the accused drove to the police station in her own vehicle, was not placed in handcuffs or told that she was under arrest, did not inform the officers that she was tired during the two-hour interrogation, and was permitted to drive home after the interrogation. *See Bravo*, 2006-NMCA-019, ¶¶ 12-13.

Finally, Meeks asserts that because the officer confronted him with the evidence against him and urged him to confess, the interrogation was necessarily custodial. [MIO 12-13] However, as we stated in our notice of proposed summary disposition, while we recognize that the manner of questioning weighs in favor of a finding that Meeks was in custody, the analysis looks to the totality of the circumstances, and we conclude that the totality of the circumstances here indicate that Meeks was not subject to a restraint on his freedom of movement of a degree associated with a formal arrest.

In Meeks's memorandum in opposition, he points to no facts that we had not already considered in our notice of proposed summary disposition, and he relies heavily on *Olivas*, which, as we explained in our notice, is distinguishable. Here, unlike in *Olivas*, Meeks drove of his own accord to the station, he was not handcuffed, and he was informed that he was not under arrest and was free to leave. Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

 

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**J. MILES HANISEE, Judge**